JOHN SIERCKS and MAY, his wife, complainants-appellants,

*v.*

HERMAN E. RUCKERT et ux., defendants-respondents.

[Submitted October 30th, 1931. Decided May 16th, 1932.]

*Mr. William R. Wilson,* for the appellants.

*Mr. William A. Coddington,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

This is an equity suit by mortgagor against mortgagee to redeem from a mortgage, after foreclosure sale and suit at law and judgment for deficiency. The statute holds the right of redemption open for six months after such judgment for deficiency. *Comp. Stat. p. 3422 pl. 49,* as amended by *P. L. 1915 p. 339.*

The judgment for $3,500.86 deficiency was entered March 26th, 1930. The amount due at time of sale seems to have been $4,000 bid plus $3,200.78 balance $7,220.78 as of November 27th, 1929.

On September 25th, 1930, one day short of six months, this bill was filed. It avers in paragraph 5 that mortgagors tendered "the amount due at the time of the sale by the sheriff with all costs and expenses, which was refused." Whether this means that the tender was *made* at the time of the sale is not clear. The bill goes on to say "and is now willing to pay such sum as is justly due and owing and that may be settled by this court on reference to a master." Paragraph 7 of the bill avers that "complainants now bring said redemption money into court, and continue the tender thereof." They did not bring any money into court: in fact, the appeal is from a dismissal of the bill for failure to comply with an order to deposit $5,500, as will be seen.

The answer, filed October 15th, 1930, denied a tender at any time or that defendants refused to accept the amount due; it asserts that they offered the property to complainants for the amount due at time of sheriff's sale but complainants refused it.

No replication was filed within ten days provided by rule, nor at any time, and therefore the bill became liable to be dismissed. Chancery rule 77 superseding section 25 of the Chancery act of 1902, which section was repealed by *P. L. 1915 p. 186 § 13.* On January 28th, 1931, defendants gave notice of motion to dismiss the bill for want of prosecution; and the motion coming on to be heard, the vice-chancellor continued it until February 17th on terms that the complainants deposit $5,500 in court. This was not done, and on February 17th, in view of non-compliance with the order, the bill was dismissed.

It is argued for appellants that they were not required to pay a sum of money until an account had been taken and a balance struck, pursuant to section 3 of the act of 1880, as amended in 1915, page 339. This may be assumed for present purposes as a general rule; but the fact remains that because of the default in pleading the vice-chancellor could and did impose terms, and told complainants' counsel that if he was to hold his bill, complainants would have to give earnest of their good faith. The $5,500 is obviously a figure

based on some colloquy between court and counsel, and of course subject to later adjudication. In view of the manifest default in pleading, and inaction of complainants for over three months, it is clear that the order to make the deposit and the order to dismiss the bill for failure to make it were well within the discretion of the court of chancery—and consequently impregnable to appeal.

The order under review will therefore be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.